UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MORRIS N. BROADIE, | : | |
| | : | Civil No. 10-3481 (RBK) |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | **MEMORANDUM OPINION** |
| DONNA ZICKEFOOSE, | : | |
| | : | |
| Respondent. | : | |
| | : | |

It appearing that:

1. On or about July 2, 2010, Morris N. Broadie, an inmate incarcerated at FCI Fort Dix in New Jersey, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 claiming that respondents are violating the Second Chance Act by refusing to consider him for a 12-month placement in a community corrections center ("CCC"), also known as a residential reentry center ("RRC").

2. The Second Chance Act modified the pre-release custody placement statute by (1) doubling the pre-release placement period from six to 12 months, (2) requiring the BOP to make CCC placement decisions on an individual basis, and (3) requiring the BOP to ensure that, consistent with the factors in 18 U.S.C. § 3621(b), the duration of the placement period gives the inmate the greatest likelihood of successful community reintegration.  See 18 U.S.C. § 3624(c).

3. Petitioner asserts the following facts.  Petitioner is serving a 120-month term of imprisonment imposed by the United States District Court for the District of Columbia based on his guilty plea to possession with intent to distribute 50 grams or more of cocaine.  Petitioner's projected release date is January 20, 2013.  Petitioner asserts that respondents are not going to place him in a CCC for more than six months based on statements made by Harley Lappin,

Director of the Bureau of Prisons, with respect to the Second Chance Act, and two memoranda issued by the Bureau of Prisons. Petitioner admits that he has not exhausted the BOP's three-step administrative remedy program. He asks this Court (a) to excuse his failure to exhaust on the ground that exhaustion of the BOP's administrative remedy program would be futile, since he is challenging a policy of the BOP not to place inmates in a CCC for more than six months, and (b) direct the BOP to consider his placement for a 12-month period or from January 20, 2012, through January 20, 2013.

   4. The Habeas Rules require the assigned judge to review a habeas petition upon filing and to sua sponte dismiss the petition without ordering a responsive pleading under certain circumstances:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner . . . .

28 U.S.C. § 2254 Rule 4, applicable through Rule 1(b).

   5. The Supreme Court explained the pleading and summary dismissal requirements of Habeas Rules 2 and 4 as follows:

> Under Rule 8(a), applicable to ordinary civil proceedings, a complaint need only provide "fair notice of what the plaintiff's claim is, and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 . . . (1957). Habeas Rule 2(c) is more demanding. It provides that the petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." See also Advisory Committee's note on subd. (c) of Habeas Corpus Rule 2, 28 U.S.C., p. 469 ("In the past, petitions have frequently contained mere conclusions of law, unsupported by any facts. [But] it is the relationship of the facts to the claim

> asserted that is important . . . ."); Advisory Committee's Note on Habeas Corpus Rule 4, 28 U.S.C., p. 471 ("'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." (internal quotation marks omitted)) . . . .
>
> A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to "show cause why the writ should not be granted." § 2243. Under Habeas Corpus Rule 4, if "it plainly appears from the petition . . . that the petitioner is not entitled to relief in district court," the court must summarily dismiss the petition without ordering a responsive pleading.

Mayle v. Felix, 545 U.S. 644, 655 (2005); see also McFarland v. Scott, 512 U.S. 849, 856 (1994); United States v. Dawson, 857 F.2d 923, 928 (3d Cir. 1988).

      6. The BOP's Administrative Remedy Program is a three-tier process available to inmates confined in institutions operated by the BOP who "seek formal review of an issue relating to any aspect of his/her confinement." 28 C.F.R. § 542.10(a). An inmate must generally attempt to informally resolve the issue by presenting it to staff in a BP-8 form. See 28 C.F.R. § 542.13. If the issue is not informally resolved, then the inmate may submit a request for administrative remedy (BP-9) to the Warden. See 28 C.F.R. § 542.14. An inmate who is dissatisfied with the Warden's response may appeal to the Regional Director (BP-10), and an inmate dissatisfied with the Regional Director's decision may appeal to the General Counsel in the Central Office (BP-11). See 28 C.F.R. § 542.15(a). Appeal to the General Counsel is the final administrative appeal. Id. The regulations further provide that the Warden shall respond within 20 calendar days; the Regional Director shall respond within 30 calendar days; and the General Counsel shall respond within 40 calendar days. See 28 C.F.R. § 542.18. And the

regulation provides that if the inmate does not receive a response within the time allotted for reply, then the inmate may consider the absence of a response to be a denial at that level.  Id.

   7.  Although 28 U.S.C. § 2241 contains no exhaustion requirement, "[o]rdinarily, federal prisoners are required to exhaust their administrative remedies prior to seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241."  Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998); see also, e.g., Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000); Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981).  The United States Court of Appeals for the Third Circuit requires administrative exhaustion of a claim raised under § 2241 for three reasons: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy."  Moscato v. Federal Bureau of Prisons, 98 F. 3d 757, 761-62 (3d Cir. 1996); see also Gambino, 134 F.3d at 171; Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988).

   8.  Petitioner admits that he did not exhaust administrative remedies.  He maintains that he should be excused from pursuing administrative relief because he is challenging the BOP's policy of not giving CCC placements for more than six months.  The problem with this argument is that the BOP has not yet determined Petitioner's CCC placement dates, since Petitioner's projected release date is more than 29 months away.  Under these circumstances, it is pure speculation to conclude that the BOP will refuse to consider Petitioner for a 12-month CCC placement on the basis of a policy that six months is sufficient.  If the BOP ultimately fails to consider Petitioner for a 12-months placement, and the law has not changed, Petitioner is free to seek relief from the appropriate District Court after exhausting administrative remedies.

9.  This Court sees no reason to excuse Petitioner's failure to exhaust administrative remedies.  See Brown v. Grondolsky, 2009 WL 2778437 (D.N.J. Aug. 31, 2009) (dismissing § 2241 petition for failure to exhaust where petitioner argued that exhaustion was unavailable because the warden did not consider any inmates for a 12-month CCC placement); Shoup v. Schultz, 2009 WL 1544664 at *4 (D.N.J. June 2, 2009) ("While Petitioner invites this Court to reach an umbrella conclusion that no exhaustion of administrative remedies is ever required for any litigant raising a § 2241 challenge on the grounds of the Second Chance Act, this Court declines the invitation and finds that such holding would fly in the face of the Third Circuit's teaching - as to the firmness of the exhaustion requirement").

10.  Because the face of the Petition establishes that Petitioner failed to exhaust administrative remedies regarding his CCC placement under the Second Chance Act and because Petitioner has not shown that the failure to exhaust should be excused, this Court will dismiss the Petition without prejudice for failure to exhaust administrative remedies.  The dismissal is without prejudice to the filing of a new § 2241 petition after Petitioner exhausts administrative relief.  See Lindsay v. Williamson, 271 Fed. App'x. 158, 160 (3d Cir. 2008) (affirming summary dismissal of § 2241 petition challenging BOP's execution of sentence "[b]ecause the District Court could determine from the face of Lindsay's petition that he did not exhaust his administrative remedies, a prerequisite to suit").

11.  An appropriate Order accompanies this Opinion.

                                                s/Robert B. Kugler
                                                **ROBERT B. KUGLER, U.S.D.J.**

Dated:      July 26     , 2010